UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER ALAN LEE LANE,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| ) | |
| VS.   ) | No. 19-1070-JDT-cgc |
| ) | |
| ) | |
| STEPHEN PAGE,   ) | |
| ) | |
| Defendant.   ) | |

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

The *pro se* Plaintiff, Christopher Alan Lee Lane, filed this civil action while he was incarcerated. On April 16, 2019, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Court also directed Lane to promptly notify the Court of any change of address, and he was warned that failure to do could result in the case being dismissed without further notice. (*Id.* at PageID 16.) On October 10, 2019, Lane duly notified the Court he had been transferred to a different prison facility. (ECF No. 5.)

On October 18, 2019, the Court issued an order directing that process be served on the Defendant, Stephen Page. (ECF No. 6.) The Court again warned Lane that if he did not notify the Court of any address changes the case could be dismissed without further

notice. (*Id.* at PageID 25.) After Page filed an answer to the complaint, (ECF No. 18), the Court entered a scheduling order on May 22, 2020. (ECF No. 19.)

On July 6, 2020, the Defendant filed a motion to compel discovery pursuant to Federal Rule of Civil Procedure 37(a), to which Lane did not respond. (ECF No. 20.) The Court therefore granted the motion to compel on July 28, 2020, ordering Lane to serve, within 14 days after the date of the order, complete answers to Defendant's interrogatories and requests for production. (ECF No. 21.) Lane's copy of that order, however, was returned undeliverable on August 12, 2020, with the envelope marked "out" and "went home on 7-8-20." (ECF No. 22.)

Defendant has now filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 37(b) and 41(b). (ECF No. 23.) Defendant seeks dismissal of the case both as a sanction for failure to cooperate in discovery and for failure to provide the Court with his current address.

Because the certificate of service on Defendant's motion to compel indicates it was mailed to Lane on July 6th, the same day it was filed, (ECF No. 20 at PageID 59), it is unlikely that Lane actually received the motion prior to his release from prison on July 8th. He also did not receive the Court's order compelling discovery, and the Court declines to dismiss this case for failure to provide discovery in compliance with that order.

Lane also, however, has failed to provide the Court with his new address. The most basic responsibility of a litigant is to keep the Court advised of his whereabouts. Despite being directed to do so in two separate orders, Lane has failed to provide a current address even though he was released more than a month ago. It therefore appears he has abandoned

2

this action.  Accordingly, Defendant's motion to dismiss is GRANTED.  This case is DISMISSED WITHOUT PREJUDICE in its entirety for failure to comply with the Court's orders, pursuant to Federal Rule of Civil Procedure 41(b).

It is CERTIFIED, pursuant to 28 U.S.C. §1915(a)(3), that an appeal in this matter by Lane would not be taken in good faith.  Leave to appeal *in forma pauperis* is DENIED.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                         s/ **James D. Todd**
                                         JAMES D. TODD
                                         UNITED STATES DISTRICT JUDGE